IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mark Alan Moon, | ) | C/A No.: 1:12-1225-TMC-SVH |
|           Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| Sherriff Steven Mueller; Captain Steven Anderson; Margaret Stephens; and Marcy Queen, | ) ) ) ) ) | |
|           Defendants. | ) ) | |

Plaintiff, proceeding *pro se* and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Cherokee County Detention Center. Before the court are the following motions of Plaintiff: (1) motion for subpoena [Entry #41]; (2) motion to produce documents [Entry #42]; (3) motion to appoint counsel [Entry #44]; and (4) motion requesting name substitution [Entry #45]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.    Motion for Subpoena

Plaintiff's motion for subpoena [Entry #41] requests a subpoena in order to secure the presence of witnesses at a hearing or trial in this case. Although a subpoena is the proper method for compelling attendance of a witness at trial, Plaintiff has failed to provide the proper form or the necessary witness fees. There is no requirement under 28 U.S.C. § 1915 that the court pay costs incurred with regard to a subpoena such as witness

fees. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived); *see also United States Marshals Serv. v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984) (holding that 28 U.S.C. § 1915(c) does not require government payment of witness fees and costs for indigent plaintiffs in § 1983 suits); *Johnson v. Hubbard*, 698 F.2d 286, 288–91 & nn. 2–5 (6th Cir. 1983) (lower courts have no duty to pay fees to secure depositions in civil, non-habeas corpus cases), *cert. denied*, 464 U.S. 917 (1983). If Plaintiff wishes to obtain a subpoena, he may do so by contacting the Clerk of Court and providing the Clerk's office with a completed Form AO 88 (Subpoena in a Civil Case), together with the necessary witness fees. Plaintiff will have ample time to submit the same after a trial date is set. Therefore, Plaintiff's motion for subpoena [Entry #41] is denied at this time with leave to re-file after he has tendered a properly completed AO 88 form and the necessary witness fees, if and when this case is scheduled for trial.

II.     Motion to Produce Documents

In his motion to produce documents [Entry #42], Plaintiff seeks to subpoena his prescription records from third-party Pharmaceutical Consultants. However, it appears that all the records requested should be in Plaintiff's medical file from CCDC. There is no indication that Plaintiff has submitted the requests to Defendants prior to filing his motion. Plaintiff is advised that the proper procedure for requesting documents from Defendants is contained in Federal Rule of Civil Procedure 34. Specifically, requests for documents should be served on counsel for Defendants and should not be filed with the court absent a dispute between the parties after previous service. In addition, retrieving

the records from a third-party requires a properly completed AO 88B form along with the applicable copy charges, which Plaintiff has not provided. Therefore, Plaintiff's motion for subpoena [Entry #42] must be denied without prejudice.

III.    Motion for Appointment of Counsel

Plaintiff also seeks an appointment of counsel. [Entry #44]. There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case. Rather, he simply states he has limited experience in the court's language and procedures. [Entry #44].

This is a typical complaint by prisoners seeking to pursue civil cases *pro se* in federal court, and after a review of the file, this court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's request for a discretionary appointment of counsel [Entry #44] is denied.

IV.     Plaintiff's Motion to Substitute Name of Defendant

Plaintiff also filed a motion [Entry #45] entitled "Motion to Ap[p]ly Civil Rule," which essentially seeks to have defendant Margaret Stephens' name corrected to Margaret Lewis. If Defendants do not file an objection by November 5, 2012, Plaintiff's motion is granted insomuch as he seeks to amend the caption to correct the name of defendant Margaret Stephens to Margaret Lewis and the Clerk's office is directed to effect this correction on the docket. In the event that Defendants file an objection, the undersigned will revisit this order.

V.      Further Proceedings

A review of the procedural history of this case reveals that defendants Margaret Stephens and Marcy Queen filed an answer to the amended complaint prior to the court's ordering service. [Entry #22]. Defendants Stephens and Queen's answer to the amended complaint contains an affirmative defense alleging that the complaint should be dismissed against them "pursuant to Rule 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure in that neither of these Defendants have been served." *Id*. It appears service of process was subsequently effected on these defendants. [Entry #39, #40]. Because their answer was filed before service could be effected, defendants Stephens and Queen are instructed to advise Plaintiff by a filing on the docket if they still contest the validity of service of process. In the event that the court determines defendants have not been properly served, the court will likely grant Plaintiff additional time to effect service.

4

Additionally, in light of Plaintiff's amended complaint and the time required to effect service of process on defendants Stephens and Queen, the undersigned plans to issue an amended scheduling order to govern the remainder of this case.

IT IS SO ORDERED.

*Shiva V. Hodges*

October 22, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

5