IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Mark Alan Moon, ) | |
| ) | Civil Action No.: 1:12-1225-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Sheriff Steven Mueller, Captain ) | |
| Steven Anderson, Marcy Queen, ) | |
| and Margaret Lewis, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, Mark Alan Moon ("Moon"), brought this action pro se, pursuant to 42 U.S.C. § 1983, alleging that the defendants – Sheriff Steven Mueller, Captain Steven Anderson, Marcy Queen, and Margaret Lewis (collectively "Defendants") – violated his constitutional rights. Specifically, Moon alleges that, while incarcerated at the Cherokee County Detention Center ("CCDC"), he suffered an ear infection and a seizure-like incident, to both of which the Defendants failed to properly respond. Moon further alleges that CCDC officials illegally opened his legal mail and prohibited him from receiving certain religious materials.

The Defendants moved for summary judgment on December 21, 2012, asserting multiple grounds, including failure to state a § 1983 claim, failure to exhaust, and qualified and Eleventh Amendment immunity. (ECF No. 59.) Moon responded on February 15, 2013 (ECF No. 65), and the Defendants replied on February 25, 2013 (ECF No. 66).

Pursuant to 28 U.S.C. § 636(b) and District of South Carolina Local Civil Rule 73.02(B)(2), this case was referred to a magistrate judge for all pre-trial proceedings. This matter is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant the Defendants' motion for summary judgment

because Moon has failed to show that the Defendants were deliberately indifferent to his serious medical needs and has failed to exhaust administrative remedies for his other claims.[1]  (ECF No. 68.)  Moon filed objections to the Report (ECF No. 70) and the Defendants responded to those objections (ECF No. 72).

Specifically, Moon objects to certain portions of the Report's analysis of deliberate indifference to serious medical needs, but does not appear to directly object to the Report's determination that he has failed to exhaust administrative remedies for his claims regarding his mail and access to religious materials.[2]  Accordingly, the court will only address Moon's claim that he has shown that the Defendants were deliberately indifferent to his ear infection and seizure-like incident.  Unfortunately, while the court is sympathetic to Moon's medical troubles, it finds that Moon's objections do not provide it with reason to deviate from the Report.

### I. Legal Standard

"In order to establish a claim of deliberate indifference to medical need, the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Martin v. Gentile*, 849 F.2d 863 (4th Cir. 1988)).  Additionally, the claimant must show that "the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." *Young v. City of Mount Ranier*, 238 F.3d 567, 576 (4th Cir. 2001).  This standard clearly requires the claimant

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2] Additionally, Moon objects to the magistrate judge's order on Moon's motion to produce.  (ECF No. 70, p. 1.) Pursuant to Local Rule 73.02(B)(2), that objection should go to the magistrate judge.  However, because this court now grants the Defendants' motion for summary judgment, Moon's motion to produce is moot.

to show more than mere negligence on the part of the defendants, s*ee Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and more than a disagreement with the defendants over the claimant's course of treatment, *see Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). In the Fourth Circuit, to prevail, the claimant's treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citations omitted).

## II. Discussion

In his objections, Moon claims that: (1) he did notify officials of his ear problem before July 9, 2011; (2) the medical treatment he received for his ear infection was not the appropriate course of action; (3) he does suffer from hearing loss, but does not know how to go about proving that without help from the Defendants or the court; and (4) he did not receive appropriate care after his seizure-like episode.

In support of his first objection, Moon cites to grievance forms and sick call requests from June 27, June 29, and July 5, 2011, and a clinic care record from July 6, 2011. (ECF No. 70, pp. 2-3.) However, the alleged grievance forms and sick call requests are not attached to Moon's objections or his response to the Defendants' motion for summary judgment. The clinic care record does show that Moon complained of ear pain on July 6, 2011, however, it also shows that he saw the nurse on that day and was prescribed ear drops. Moon attests that the ear drops were not helpful, but his treatment did not end there. And, even if it had, in this case, prescribing ineffective ear drops, does not rise to the level of deliberate indifference to a serious medical need and, therefore, would not constitute a constitutional violation on which to base a § 1983 claim.

The same logic applies to Moon's second and fourth objections; his complaints about the timing of and possible lag time between his doctor's visits and about the response he received to grievance forms and sick call requests about his seizure-like episode do not reveal a "grossly incompetent" or "inadequate" course of treatment. This court does not have the authority to decide disagreements between detainees and detention officials over medical treatment that fall short of this high standard.

Moon's failure to establish that his medical treatment constituted a constitutional violation moots his third objection. While the court is sensitive to the limited resources often available to detainees litigating cases pro se, in this case, even if Moon could show some hearing loss, his claim would still fail.

### III. Conclusion

Accordingly, after a full review of the record in this case, including the complaint, the Defendants' motion for summary judgment and responsive briefing, the Report, and Moon's objections to the Report, the court adopts the Report and incorporates it herein by reference. Therefore, the Defendants' motion for summary judgment (ECF No. 59) is **GRANTED** and any other pending motions, including Moon's motion to appoint counsel (ECF No. 73) are denied as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Court Judge

May 29, 2013
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.